United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MALINKA TACUMA WADE MOYE,

    Petitioner,

vs.

STATE OF CALIFORNIA,

    Respondent.
_____/

No. C 13-5405 PJH (PR)

**ORDER OF REMAND**

Petitioner, a state pretrial detainee, has filed a notice to remove his state criminal prosecution to federal court pursuant to 28 U.S.C. § 1443.

**DISCUSSION**

**A.   Standard of Review**

Title 28 U.S.C. § 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place where it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States or within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  A petition for removal pursuant to § 1443 must comply with several procedural requirements.  Specifically, a petitioner is required to file a short and plain statement of the ground for removal with a copy off all process, pleadings and orders.  *See* 28 U.S.C. § 1455(a).  Absent good cause, a petitioner must file the petition within thirty days after his arraignment or at any time before trial, whichever is earlier.  § 1455(b)(1).

To remove a case under § 1443, a petitioner must meet a two-pronged test. First, "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)); *see also Davis v. Superior Court of California*, 464 F.2d 1272 (9th Cir. 1972) (removal of state prosecution to federal court under § 1443 is specific and extremely narrow; claims must relate to statutes explicitly protecting equal racial civil rights). Second, it must appear that the removal petitioner is denied or cannot enforce the specified federal right in the state courts. *See Johnson*, 421 U.S. at 219; *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986).

**B.    Analysis**

Petitioner has failed to attach any documents from the state prosecution nor has he provided the date of arraignment, though he was charged with two counts of fraud, two counts of stalking and eight counts of contempt of court on April 8, 2011. Thus it appears that this removal petition is well past the thirty day time limit. Nor has petitioner provided a sufficient explanation to meet the two prong test regarding how his federal rights have been or will be denied. His numerous filings are rambling and fail to meet the requirements outlined above. That the trial judge refused to recuse himself and denied petitioner's motion to represent himself is insufficient[1]

### CONCLUSION

The court therefore remands the action to the San Francisco County Superior Court.

**IT IS SO ORDERED.**

Dated:    December 11, 2013

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.13\Moye5405.ord.wpd

---

[1] Petitioner has also filed a second notice to remove this same case. See No. C 13-5624 PJH (PR).

2